**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>TIMOTHY J. SULLIVAN<br>UNITED STATES MAGISTRATE JUDGE | 6500 Cherrywood Lane<br>Greenbelt, Maryland 20770<br>Telephone: (301) 344-3593 |

February 28, 2022

LETTER TO COUNSEL:

   RE: *Corgette J. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
      Civil No. TJS-21-39

Dear Counsel:

  On January 6, 2021, Plaintiff Corgette J. petitioned this Court to review the Social Security Administration's final decision to deny her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 16 & 19. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Acting Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

  Corgette J. protectively filed her applications for DIB and SSI on February 7, 2018. Tr. 11. She alleged a disability onset date of January 16, 2018. *Id.* Her applications were denied initially and upon reconsideration. *Id.* Corgette J. requested an administrative hearing, and a hearing was held on January 16, 2020, before an Administrative Law Judge ("ALJ"). Tr. 28-55. In a written decision dated April 22, 2020, the ALJ found that Corgette J. was not disabled under the Social Security Act. Tr. 8-27. The Appeals Council denied Corgette J.'s request for review, making the ALJ's decision the final, reviewable decision of the agency. Tr. 1-5.

  The ALJ evaluated Corgette J.'s claims for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. At step one, the ALJ found that Corgette J. had not engaged in substantial gainful activity since January 16, 2018, the alleged onset date. Tr. 13. At step two, the ALJ found that Corgette J. suffered from the following severe impairments: degenerative disc disease of the lumbar spine and degenerative joint disease of the bilateral knees status-post 2016 right knee replacement and 2018 left knee replacement. Tr. 13-16. At step three, the ALJ found Corgette J.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404,

---

[1] This case was originally assigned to Judge Boardman. On June 30, 2021, it was reassigned to Judge Coulson. On January 31, 2022, it was reassigned to me.

Subpart P, App. 1 ("Listings"). Tr. 16-17. The ALJ determined that Corgette J. retained the residual functional capacity ("RFC")

> to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except as follows. She can lift 10 pounds occasionally and five pounds frequently. She can stand/walk two hours and sit six hours in an eight-hour workday. She can occasionally climb ramps and stairs, balance, and stoop. She can never kneel, crouch, crawl, or climb ladders. She can never be exposed to hazards such as unprotected heights and moving parts.

Tr. 17.

At step four, relying on testimony provided by a vocational expert ("VE"), the ALJ determined that Corgette J. could perform past relevant work as a bookkeeper and an administrative assistant. Tr. 20-21. Accordingly, the ALJ found that Corgette J. was not disabled under the Social Security Act. Tr. 21.

Corgette J. argues that this case must be remanded for further proceedings because (1) the ALJ erred in finding that her migraine headaches were not a severe impairment; (2) the ALJ erred in not considering her migraine headaches in the RFC assessment; (3) the ALJ erred in evaluating her ability to sit; and (4) the ALJ's hypothetical question to the VE did not reflect accurately the ALJ's RFC assessment. ECF No. 16-1 at 3-14. For the reasons discussed below, however, these arguments are without merit.

First, Corgette J. argues that the ALJ erred in finding that her migraine headaches were not a severe impairment (Tr. 14). ECF No. 16-1 at 8-9. However, "[a] claimant must make only a *de minimis* showing to advance beyond step two. To that end, a claimant need only establish, and an ALJ need only find, one severe impairment." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016) (citation omitted). "Thus, the failure to find a particular impairment severe at step two is not reversible error when the ALJ finds that at least one other impairment is severe." *Id.*; *see Todd Michael M. v. Comm'r, Soc. Sec. Admin.*, Civil Action No. ADC-19-382, 2020 WL 2319114, at *4 (D. Md. May 11, 2020). Remand is thus not warranted on this basis.

Second, Corgette J. contends that the Court should remand this case because the ALJ failed to consider her migraine headaches in the RFC assessment. ECF No. 16-1 at 9-13. Indeed, "[w]hen a claimant has several impairments, including non-severe impairments, the administrative law judge must consider their cumulative effect in making a disability determination." *Britt v. Saul*, 860 F. App'x 256, 261 (4th Cir. 2021). Here, although the ALJ did not specifically address Plaintiff's non-severe impairments in the RFC analysis, "neither [the Fourth Circuit's] caselaw nor the regulations explicitly require this." *Id.* at 262. Rather, an ALJ "is only required to *consider* these non-severe impairments," and the ALJ here did so (Tr. 15). *Id.* "And even if specifically addressing these impairments was required, [the Court's] review is not frustrated by this omission as these impairments were addressed under step two and deemed to be non-severe limitations." *Id.* "The discussion in step-two that these limitations had a minimal impact on vocation and were being managed tells [the Court] what impact these limitations had in the residual-functional-capacity analysis." *Id.* Thus, the Court "can conduct a meaningful review without making an

administrative law judge repeat himself." *Id.* For these reasons, Plaintiff's argument in this regard is also unavailing.

Third, Corgette J. maintains that the ALJ failed to evaluate properly her ability to sit. ECF No. 16-1 at 13. According to Corgette J., she "testified that she was only capable of sitting 10 to 15 minutes, and [she] reported in her Function Report that she was only capable of sitting for 15 minutes." *Id.* (citation omitted). "Despite this evidence, the [ALJ] found that [she] was capable of sitting for six hours in an eight hour day, with no consideration of a sit/stand option." *Id.* (citation omitted). The ALJ acknowledged, however, Corgette J.'s allegation that she must change position after sitting for fifteen minutes, but the ALJ found that her "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. 17. The ALJ ultimately found that "the medical evidence, the opinion evidence, and [Corgette J.'s] allegations and testimony" supported the ALJ's RFC assessment. Tr. 20. Corgette J.'s argument is thus without merit because substantial evidence supports the ALJ's evaluation of her subjective complaints, which she does not dispute.

Last, Corgette J. argues that the ALJ improperly relied upon the VE's testimony because the ALJ's hypothetical questions to the VE did not accurately reflect the ALJ's RFC assessment. ECF No. 16-1 at 3-5. She contends that remand is warranted because "the limitation that [she] was limited to stand/walk two hours was never included in the hypothetical questions presented to the [VE]." *Id.* at 4. Rather, the ALJ asked the VE to assume an individual who, among other things, could "stand two hours in an eight-hour workday, sit for six, in other words[,] sedentary." Tr. 51. The VE testified that this individual could perform Corgette J.'s past relevant work as generally performed at the sedentary level, which required "very little walking." Tr. 51-52. As the Acting Commissioner points out, the *Dictionary of Occupational Titles* ("DOT") defines Corgette J.'s past work as sedentary. *See* DOT 210.382-014, 1991 WL 671821 (listed as "bookkeeper"); DOT 169.167-010, 1991 WL 647424 (listed as "administrative assistant"). "Since being on one's feet is required 'occasionally' at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday." SSR 83-10, 1983 WL 31251, at *5 (Jan. 1, 1983). The Court "may affirm the ALJ's decision even if the ALJ made an error, so long as the error was harmless, meaning it was 'inconsequential to the ultimate nondisability determination.'" *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)). Because the lack of symmetry between the ALJ's hypothetical questions and the RFC assessment is harmless, it does not warrant remand.[2]

---

[2] Corgette J. also argues to no avail that the ALJ's RFC assessment "does not indicate that [she] would be limited to stand/walk two hours *in an eight hour day*, but rather stand walk [sic] two hours, *period*." ECF No. 16-1 at 4. "The rule of the last antecedent is context dependent. This Court has declined to apply the rule where, like here, the modifying clause appears after an integrated list." *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1170 (2021); *see United States v. Bass*, 404 U.S. 336, 337, 339 (1971). The Acting Commissioner thus correctly points out that "[t]he only plausible reading of [the ALJ's RFC assessment] is that 'in an eight-hour workday' applies to both the sitting and standing limitations that precede it." ECF No. 19-1 at 8.

In short, the Court's review is confined to whether substantial evidence supports the ALJ's decision and whether the correct legal standards were applied. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The Court is not permitted to reweigh the evidence, even if the Court believes the ALJ could have reached a different conclusion. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The ALJ's decision complies with the governing legal standards and is supported by substantial evidence. The Court thus affirms the Acting Commissioner's final decision.

For the reasons set forth above, Corgette J.'s Motion for Summary Judgment (ECF No. 16) will be **DENIED**, and the Acting Commissioner's Motion for Summary Judgment (ECF No. 19) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

        Sincerely yours,

        /s/
        Timothy J. Sullivan
        United States Magistrate Judge